IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:17-cr-00053 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| DAVID BRADLEY MENEFEE ) | United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant David Bradley Menefee's motion for early termination of supervised release. (Dkt. No. 29.) The government does not oppose the request. Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve Menefee's motion. As recommended by the probation office, the court will grant Menefee's motion.[1]

I.  BACKGROUND

On September 1, 2017, Menefee pleaded guilty to possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year (Count 1) and possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine (Count 2). (Dkt. No. 11.) He was sentenced to 62 months' imprisonment on each count to be served concurrently followed by three years' supervised release on each count to run concurrently. (Dkt. No. 22.)

Mr. Menefee began his term of supervision on July 19, 2021.

On November 20, 2023, by letter to the court, Menefee moved for early termination of his remaining supervised release term. Probation supports Menefee's motion because he has not violated the terms of his supervised release, has maintained full-time employment and is working

---

[1] A hearing is not required by the Federal Rules of Criminal Procedure because the relief sought is favorable to defendant and the government received notice and did not object. Fed. R. Crim. P. 32.1(c)(2).

toward starting his own business. Mr. Menefee also completed a substance abuse evaluation as required and was not recommended for any further services. Finally, all fines and fees related to his underlying offense conduct have been paid in full. The government does not object.

## II.  ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

While Menefee's offense was serious, he has now served his sentence and more than half of his supervised release term.

The court finds that there is no longer a need to protect the public or to deter Menefee from committing further crimes through the ongoing imposition of release conditions.  For these reasons, the court will grant Menefee's motion for early termination of his supervised release.

### III.  CONCLUSION

For the foregoing reasons, Menefee's motion for early termination of supervised release (Dkt. No. 29) will be granted.  The court will issue an appropriate order.

Entered: December 4, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge